UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTWAIN D. MITCHELL,

    Petitioner,

v.                                                CASE NO. 6:14-cv-993-Orl-31GJK
                                                            (6:08-cr-198-Orl-31GJK)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 3) filed by Antwain D. Mitchell. The Government filed a response (Doc. 6) to the amended § 2255 motion in compliance with this Court's instructions. Petitioner filed a reply to the response (Doc. 8).

Petitioner asserts one claims for relief, his conviction under section 893.13(1)(a)(1) of the Florida Statutes is not a controlled substance offense or felony drug offense under 21 U.S.C. § 851. (Doc. 3 at 4; Doc. 8 at 2-3). For the following reasons, the amended § 2255 motion is denied.

I.    *Procedural History*

Petitioner was charged by indictment with conspiracy to possess with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) and 846 (Count One), five counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Six), possession of a

firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(2) (Count Seven), and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)(Counts Eight and Nine). (Criminal Case No. 6:08-cr-198-Orl-31GJK, Doc. 1).[1] The Government filed an information pursuant to 21 U.S.C. § 851 indicating its intent to seek an enhanced penalty.[2] *Id.* at Doc. 21. Pursuant to a plea agreement, Petitioner entered a plea of guilty to Counts Four and Seven.[3] *Id*. at Doc. Nos. 28, 65. The Court determined that Petitioner qualified for a sentencing enhancement as a career offender subjecting him to a guideline range of 322 to 387 months of imprisonment. *Id*. at Doc. 55 at 6-12. The Court, however, sentenced Petitioner under the guideline range to the ten-year mandatory minimum term of imprisonment for Count Four and the five-year consecutive mandatory minimum term of imprisonment for Count Seven. *Id.* at 12-13.

Petitioner appealed. The United States Court of Appeals for the Eleventh Circuit affirmed on May 24, 2011. *Id*. at Doc. 69. Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States. Petitioner initiated the instant action on June 19, 2014.

---

[1] Criminal Case 6:08-cr-198-Orl-31GJK will be referred to as "Criminal Case."

[2] As a result, the penalty for Count Four increased to a mandatory minimum term of ten years to life in prison. *See* 21 U.S.C. § 841(b)(1)(B).

[3] The Court dismissed the remaining counts in accordance with the plea agreement. (Criminal Case Doc. 55 at 14).

*II.     Analysis*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In the present case, the Eleventh Circuit affirmed Petitioner's conviction on May 24, 2011, and Petitioner did not seek certiorari review. Thus, the judgment of conviction became final on August 22, 2011. *Kaufmann v. United States*, 282 F.3d 1336, 1339-40 (11th Cir. 2002) ("[A] 'judgment of conviction becomes final' within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes 'final' on the date on which the defendant's time

3

for filing such a petition expires."). Because Petitioner's judgment of conviction became final on August 22, 2011, he had through August 22, 2012, to file a § 2255 motion. However, under the mailbox rule, Petitioner's motion was not filed until June 19, 2014. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, will be presumed to be the date the document was signed by the prisoner); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

Petitioner argues that his motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). *See* Doc. 3 at 4; Doc. 8 at 5. Section 2255 grants a petitioner one year to file a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

*Descamps* issued on June 20, 2013. Petitioner's § 2255 motion was filed within one year from that date. However, "*Descamps* does not apply retroactively to cases on collateral review. . . ." *Abney v. Warden*, No. 15-1088, 2015 WL 4546193, at *4 (11th Cir. 2015). Thus, Petitioner's § 2255 motion is untimely filed based on *Descamps*. *See King v. United States*, No. 13-13693, 2015 WL 1898394, at *4 (11th Cir. Apr. 28, 2015) (holding

4

*Descamps* does not apply retroactively to cases on collateral review, and thus, the § 2255 motion was not timely under § 2255(f)(3)).[4]

Although not argued by Petitioner, the Court assumes that the instant action is timely filed if premised on *Johnson v. United States,* 135 S. Ct. 2551 (2015), which was issued on June 26, 2015. *See In re Rivero*, No. 15-13089-C, 2015 WL 4747749, *4 (11th Cir. Aug. 12, 2015) ("If Rivero – like the petitioner in *Bousley* - were seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively."). Nevertheless, *Johnson* does not apply to Petitioner's case. *Johnson* held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

Petitioner's sole claim is that his sentence is in contravention of *Descamps* because his prior conviction for possession of cocaine with the intent to sell or deliver in violation of section 893.13(1)(a)(1) of the Florida Statutes does not constitute a felony drug offense under 21 U.S.C. § 851 or a controlled substance offense. (Doc. 3 at 4; Doc. 8 at 3).

---

[4] A district court may consider the statute of limitations defense *sua sponte* if the Government does not deliberately waive the defense. *Wood v. Milyard,* 132 S. Ct. 1826, 1830 (2012); *Day v. McDonough,* 547 U.S. 198, 202 (2006). In its response, the Government states "[a]ssuming *arguendo,* that *Descamps* applies to Mitchell's case, his motion is timely." (Doc. 6 at 8). There is no indication from this statement that the Government deliberately waived the statute of limitations defense. Instead, the Government simply concedes that the action would be timely if *Descamps* applies.

Petitioner qualified as a career offender based *inter alia* on his prior convictions for sale or delivery of cocaine, delivery of cocaine, and possession of cocaine with intent to sell or deliver under Florida law. (Criminal Case Doc. 90 at 14-15). None of these predicate offenses apply based on the residual clause. *See, e.g., United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (holding that "[s]ection 893.13(1) of the Florida Statutes is . . . a 'controlled substance offense,' [under] U.S.S.G. § 4B1.2(b)."). Consequently, Petitioner is not entitled to relief pursuant to *Johnson*.

Moreover, as discussed *supra*, *Descamps* is not retroactive to cases on collateral review. Nevertheless, even if *Descamps* was retroactive, it is not applicable in this case because *Descamps* considered whether the modified categorical approach could be used to determine if a prior violent felony conviction was a predicate offense under the ACCA. The Court imposed Petitioner's sentence pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851, and not the ACCA. "The definition of 'felony drug offense' as set forth under 21 U.S.C. § 802(44), and not the ACCA, controls enhancing a sentence under § 841." *Dimanche v. United States*, No. 8:10-cv-1165-T-24TGW, 2010 WL, 2265652, at *3-4 (M.D. Fla. June 4, 2010). A conviction for possession of cocaine with intent to sell or deliver under section 893.13(1)(a)(1) of the Florida Statutes qualifies as a felony drug offense under 21 U.S.C. § 851. *See, e.g., United States v. Vereen*, 173 F. App'x 810, 811 (11th Cir. 2006); *Floyd v. United States*, No. 8:14-cv-2290-T-27AEP, 8:12-cr-T-27AEP, 2015 WL 1257397, at *8 (M.D. Fla. March 18, 2015). Therefore, Petitioner's claim is without merit.

Any of Petitioner's allegations that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 3) filed by Antwain D. Mitchell is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:08-cr-198-Orl-31GJK and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. 86) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5] Accordingly, a Certificate of Appealability is **DENIED** in this

---

[5] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11.

case.

        **DONE AND ORDERED** in Orlando, Florida, this 21st day of August, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1
Counsel of Record
Antwain D. Mitchell